IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

2:59 pm, 1/21/10

Tim J. Ellis
Clerk of Court

| In re | ) |
| :--- | :--- |
|  | ) |
| CHRIS MOWREY, | )   Case No. 09-21080 |
|  | )   Chapter 7 |
| Debtor. | ) |

## MEMORANDUM OPINION ON DEBTOR FOR 2002 KIA

This matter came before the Court for a telephonic hearing on January 7, 2010 regarding three Reaffirmation Agreements entered into between the Debtor and First Educational Credit Union. After the conclusion of the hearing, review of the file, considering the arguments of the parties, and reconsideration of the facts and law, the court finds that approval of the reaffirmation agreements is denied. Chris Mowrey ("Debtor") represented himself. Donna Eschardies participated on behalf of First Educational Federal Credit Union ("Credit Union").

The Debtor filed motions for approval of three reaffirmation agreements executed between himself and the Credit Union under 11 U.S.C. §524(d). The Court combines all three for purposes of discussion. The terms of each agreement are listed:

|  | Total amount to be reaffirmed | Monthly payment amount | Number of payments | Interest Rate | Collateral - Description and value |
| :--- | :--- | :--- | :--- | :--- | :--- |
| (1) | $3,140.37 | $244.39 | 14 | 5.4% | 2002 Kia - listed with a value of $1,500 on Schedule B |
| (2) | $4,759.36 | $184.03 | 31 | 12.25% | Personal loan with cross collateral clause on Kia |
| (3) | $1,471.61 | $45.00 | Not stated | 12.0% | Credit Card with cross |

| | | | | | collateral clause on Kia |
|---|---|---|---|---|---|

The Debtor lists the 2002 Kia on his Schedule B. He does not list any secured creditors on Schedule D. Although the Debtor signed the form, he did not complete the Chapter 7 Individual Debtor's Statement of Intention. The Debtor reported at the hearing, that he has been employed at All State Insurance Company since October 12, 2009. Debtor's net pay is between $1,400 - $1,500 per month. Debtor reports that he lives with his girl friend, and between them, they have four dependants. The 2002 Kia is the Debtor's only vehicle. The Debtor reports that his monthly expenses on Schedule J are $3,837.00.

Ms. Eschardies reported to the Court that the Debtor is current on the monthly payments on all three loans and any time that there was a problem, the Debtor has made arrangements with the Credit Union.

**Discussion**

Under 11 U.S.C. §524(c), a debtor is allowed to reaffirm a debt that would otherwise be dischargeable unless it would pose an undue hardship on the debtor. For a reaffirmation agreement to be enforceable, the agreement must satisfy the requirement of 11 U.S.C. 524(c), which includes the requirement that if the debtor is not represented by an attorney, the court must hold a hearing to inform the debtor that the reaffirmation agreement is not required and describe the legal consequence. If the court concludes that the reaffirmation is not in the best interests of the debtor or poses an under hardship, the

Court may deny a reaffirmation agreement.

Section 524(k) is a new subsection of §524 added by BAPCPA[1]. It sets out mandatory components of a reaffirmation agreement, which must be filed with the court in order for the reaffirmation agreement to be enforceable. One component requires that the following be included in the reaffirmation agreement: "Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement." Another component states: "If you are not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E." Parts D and E are not completed on any of the three reaffirmation agreements before the Court for consideration.

Under 11 U.S.C. 524(m)(1), if a bankruptcy debtor's expenses exceed his income a reaffirmation agreement is presumed to create an under hardship. If the presumption is rebutted, the agreement may be approved. If the presumption is not rebutted to the satisfaction of the court, the court has the discretion to not approve the reaffirmation agreement.[2] The Oklahoma Bankruptcy Court held that "Courts should not be in the business of approving reaffirmation agreements where the debt is something the Debtor cannot afford."[3]

---

[1]Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[2]*In re Stillwell*, 348 B.R. 578 (Bankr. N.D. Okla. 2006).

[3]*In re Byers*, 2009 Bankr. LEXIS 232, (N.D. Iowa, February 11, 2009).

It is apparent to this Court, based on the statements of the parties, that the Debtor has not rebutted the presumption of undue hardship in reaffirming these debts. His income is substantially less than the amount of his expenses. The 2002 Kia's value is substantially less than the amount of debt against it. When taking into consideration that the three agreements total a repayment of approximately $12,500 for a vehicle valued at $1,500, the Court cannot find that approval of the reaffirmation agreements are in the Debtor's best interest.

Court approval of a reaffirmation agreement is not a required element under 11 U.S.C. §521(a)(6)(A). Entering into a reaffirmation agreement is all that is required of a debtor. While the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 has done away with simple "ride through" in bankruptcy, it has not entirely eliminated the possibility that a debtor can "ride through" a bankruptcy and retain possession of secured personal property. Under the limited circumstances where a debtor complies will the requirements under 11 U.S.C. §§ 521k and 362(h), the debtor can ride through the bankruptcy notwithstanding a bankruptcy court's refusal to approve a reaffirmation agreement. Bankruptcy *ipso facto* clauses remain in effect and the Credit Union is prohibited from declaring the contract in default by virtue of the Debtor's insolvency or bankruptcy. So long as the Debtor adheres to the terms of the contract, the Debtor is entitled to remain in possession of the vehicle regardless of the Court's approval or refusal to approve the reaffirmation agreement. In the event that the vehicle is

repossessed the Debtor would not be personally liable for any deficiency.[4]

THEREFORE IT IS ORDERED that the approval of reaffirmation agreement between the Debtor and the Creditor Union, regarding the amount of $3,140.37 is denied.

DATED this 21 day of January, 2010.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Chris Mowrey
First Educational Federal Credit Union/ Attn: Donna Eschardies

---

[4] *In re Openshaw*, Case No. 06C-24120, 2007 Bankr. LEXIS 3489, (Bankr, D. Ut, March 12, 2007)